THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **ISRAEL SANTIAGO-LUGO,**<br><br>   **Plaintiff,**<br>   **v.**<br><br>**UNITED STATES OF AMERICA,**<br><br>   **Defendant.** | **Civil No. 11-1363 (ADC)**<br>**[Related to Crim. No. 95-00029-01 (ADC)]** |

**OPINION AND ORDER**

Petitioner Israel Santiago-Lugo's motion to set aside judgment pursuant to Fed. R. Civ. P. 60(b)(6) at **ECF No. 31** is **DENIED** for the reasons stated in the government's memorandum in opposition at **ECF No. 36**.

In essence, Fed. R. Civ. P. 60(b)(1)-(5) allows a party to seek relief from final judgment and reopen a case based on mistake or excusable neglect, newly discovered evidence, fraud, or the void or prospectively inequitable status of a judgment. *BLOM Bank SAL v. Honickman*, 605 U.S. ___, 145 S. Ct. 1612, 1619 (2025). On the other hand, Fed. R. Civ. P. 60(b)(6) is a "catchall" provision that "requires extraordinary circumstances" and is "available only in narrow circumstances." *Id.*; *see also González v. Crosby*, 545 U.S. 524, 535 (2005).

As correctly pointed out by the government, petitioner is not entitled to obtain relief of his forfeiture judgment based on the commutation of his life sentence by U.S. President Joseph R. Biden Jr. on January 17, 2025 pursuant to Fed. R. Civ. P. 60(b)(6). The commutation of his

term of imprisonment specifically provides that "I hereby further commute the total sentence of imprisonment… [f]or any individual that has a term of supervised release or other components of the sentence, I leave intact and in effect the term of supervised release imposed by the court with all its conditions and all other components of the sentence." Crim. No. 95-cr-029(ADC), ECF No. 4249 at 2. Thus, it clearly states that it only commutes petitioner's "sentence of imprisonment." Moreover, it specifically states that it will not impact any terms of supervised release or "all other components of the sentence." *Id*.

Petitioner's request is also procedurally barred. Regardless of how it was labeled, it is essentially a third or successive § 2255 petition since the underlying claims are primarily related to the original conviction and request for habeas relief. *See Rodwell v. Pepe*, 324 F.3d 66, 70 (1st Cir. 2003) ("When a motion's factual predicate deals primarily with the constitutionality of the underlying [ ] conviction or sentence, then the motion should be treated as a second or successive habeas petition."). This Court cannot to entertain such relief without authorization from the First Circuit Court of Appeals. *See* 28 U.S.C. § 2244(b)(3).

Neither is this petitioner's first collateral challenge to the forfeiture judgment. As a matter of fact, petitioner had unsuccessfully moved for the same relief based on Eighth Amendment challenges. To wit, petitioner, "the kingpin of a vast drug conspiracy"[1] and the lead defendant in a fifty-count indictment, was convicted on December 13, 1995. He was

---

[1] *United States v. Santiago-Lugo*, 167 F.3d 81, 83 (1st Cir. 1999).

charged with engaging in a continuing criminal enterprise involving the distribution of narcotics throughout northern Puerto Rico over a seven-year period, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 848. *See* Crim. No. 95-cr-029 (ADC), ECF No. 917-18. On April 17, 1996, petitioner was sentenced to life imprisonment. *See Id*., ECF No. 1164. Petitioner was also convicted of an additional forty-one counts, including money laundering and firearms violations, for which he received concurrent ten-year terms. *Id*. "[T]he jury … also issued a special verdict finding that all of the property mentioned in the forfeiture counts was subject to forfeiture." *Santiago-Lugo v. U.S*., Civil No. 07-1518 (JAF), 2008 WL 11460648, at *1 (D.P.R. Jan. 28, 2008), *aff'd*, 538 F.3d 23 (1st Cir. 2008) (citing Case No. 95-cr-029, D.E. 917-918). On September 18, 1996, the Court issued a final order of forfeiture pursuant to 18 U.S.C. § 982 and 21 U.S.C. § 853, encompassing significant real and personal property tied to the criminal enterprise. *See* Crim. No. 95-cr-029 (ADC), ECF No. 144. Petitioner's appeal and subsequent motion to set aside judgment pursuant to 28 U.S.C § 2255 both were denied. *See inter alia Santiago-Lugo v. U.S*., 135 F. Supp. 2d 142, 143 (D.P.R. 2001).

In 2011, petitioner filed the instant case seeking relief of judgment asserting it deprived him of a livelihood, which violated his Eighth Amendment rights. **ECF No. 1**. This court rejected that claim. *Santiago-Lugo v. U.S*., 2011 WL 1979858 at *4 (D.P.R. May 20, 2011). This court also found that "the challenged forfeiture… of $6,000,000 in cash and of various properties, real and personal… was not grossly disproportional to Petitioner's crime." *Id*., at *3.

Petitioner's pending motion for Fed. R. Civ. P. 60(b)(6) relief was filed on March 11, 2025. However, on March 28, 2025, the First Circuit denied his application to file a second or successive motion under 28 U.S.C. § 2255. *See* Crim. No. 95-cr-029 (ADC), ECF No. 4262.

Accordingly, as discussed in the government's memorandum, petitioner's Fed. R. Civ. P. 60(b)(6) motion at **ECF No. 31** is procedurally and substantively unavailing and, thus, **DENIED**.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 15th day of July, 2025.

                                                        **S/AIDA M. DELGADO-COLÓN**
                                                        **United States District Judge**